IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FOODSOURCE**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | **Civil Action No. 3:11-CV-0714-L** |
| | § | |
| **METRO PRODUCE, INC., et al.**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion of Plaintiff for Default Judgment Against Defendants, filed June 9, 2011. After consideration of the motion, brief, record, and applicable law, the court **grants** Plaintiff's Motion for Default Judgment Against Defendants.

**I.     Background**

This is a breach of contract claim brought by Plaintiff Foodsource against Defendants Metro Produce, Inc. and Vijay Singhal ("Defendants"). Plaintiff filed its Complaint in this court on April 7, 2011, seeking relief against Defendants under Section 5(c) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c). The action arises out of a contract in which Plaintiff agreed to provide Defendants with perishable agricultural products and, in turn, Defendants were to make full payment for the produce at a later date. Defendants ultimately defaulted on the transaction and refused to pay the balance, despite Plaintiff's demands.

Defendants were properly served on April 25, 2011, and to date have not filed an answer to Plaintiff's Complaint or otherwise defended in this lawsuit. Plaintiff requested the clerk to issue entry of default on May 19, 2011, and default was entered by the clerk on May 19, 2011. Plaintiff

now requests entry of default judgment against Defendants for money owed under the terms of the contract; Plaintiff further requests prejudgment interest and reasonable attorney's fees and costs.

## II.   Analysis

The court finds that because Defendants have neither filed an answer to Plaintiff's Complaint nor otherwise defended in this lawsuit, and because Defendants are not infants, incompetent or in the military, Plaintiff is entitled to judgment against Defendants. The court therefore accepts as true the well-pleaded allegations stated by Plaintiff in its Complaint, the facts in Plaintiff's Motion for Default Judgment Against Defendants, and those set forth in the brief accompanying the motion.

### A.   Damages

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *See United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citing *TWA v. Hughes*, 449 F.2d 51, 70 (2nd Cir. 1971)), *rev'd on other grounds*, 409 U.S. 363 (1973); *G. & C. Merriam Co. v. Webster Dictionary Co.*, 639 F.2d 29, 34 (1st Cir. 1980)). Plaintiff asks the court to award $53,571 in damages, which is the principal balance outstanding and owed by Defendants under the terms of the contract, as set forth in the Complaint. Plaintiff further requests the court to award it prejudgment interest as of June 9, 2011, in the amount of $9,070.85. The court determines that such damages are ascertainable from the complaint, Plaintiff's motion, and the brief attached to it. The court further determines that since the contract provided for the collection of interest incurred in collecting sums due, the award of prejudgment interest is warranted. Accordingly, Plaintiff is entitled to a total amount of **$62,641.85**.

### B. Costs and Attorney's Fees

Plaintiff also seeks the collection of reasonable attorney's fees and costs. Plaintiff has not provided the court with documentation of earned attorney's fees and costs. Accordingly, Plaintiff is instructed to file a motion for reasonable attorney's fees and costs with a detailed description of the fees and costs incurred.

### III. Conclusion

For the reasons herein stated, the court **grants** Plaintiff's Motion of Plaintiff for Default Judgment Against Defendants. Accordingly, the court hereby **orders** that default judgment be entered for Plaintiff in the amount of **$62,641.85** ($53,571 in damages and $9,070.85 in prejudgment interest), plus postjudgment interest thereon at the applicable federal rate. Plaintiff is **instructed** to file a motion for reasonable attorney's fees and costs by **June 27, 2011.** In its motion, Plaintiff must set forth the amount of attorney's fees requested, the bases for the request, and the bases for the reasonableness of the fees requested. If this information is not provided, the court will deny Plaintiff's request for attorney's fees. In accordance with Rule 58 of the Federal Rules of Civil Procedure, judgment will issue by separate document.

**It is so ordered** this 17th day of June, 2011.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge